Filed 11/27/17; Certified for Publication 12/13/17 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ALLEN KIRZHNER, | |
|    Plaintiff and Appellant, | G052551 |
|       v. | (Super. Ct. No. 30-2014-00744604) |
| MERCEDES-BENZ USA, LLC, | O P I N I O N |
|    Defendant and Respondent. | |

Appeal from an order of the Superior Court of Orange County, James Di Cesare, Judge. Affirmed.

Anderson Law Firm and Martin W. Anderson; Law Office of Jeffrey Kane and Jeffrey Kane for Plaintiff and Appellant.

Universal & Shannon, Jon D. Universal, Marie L. Wrighten-Douglass, Jay C. Patterson and James P. Mayo, for Defendant and Respondent.

This case under the Song-Beverly Consumer Warranty Act (Civ. Code, § 1790 et seq., Act), concerned an allegedly defective car which could not be repaired after multiple attempts. Plaintiff Allen Kirzhner accepted an offer of compromise pursuant to Code of Civil Procedure section 998 (998 offer) from defendant Mercedes-Benz USA, LLC, including a restitution provision identical to Civil Code section 1793.2, subdivision (d)(2)(B) (section 1793.2(b)(2)(B); all further statutory references are to the Civil Code).

The court awarded plaintiff over $47,000 in accordance with the 998 offer.

Plaintiff appealed and asserts the court erred because it denied him recovery of approximately $680 in vehicle registration renewal and certificate of nonoperation fees which he incurred in the years after he first leased the car.

We conclude the court properly determined section 1793.2(b)(2)(B) does not require payment of vehicle registration *renewal* fees and related costs incurred after the initial purchase or lease. Accordingly, we affirm.

## FACTS

In June 2012, plaintiff leased a Mercedes-Benz from defendant for personal use. The complaint alleged the car came with an express written warranty covering repairs for any defects. During the warranty period, the car allegedly exhibited a variety of defects which caused the navigation system and key fob to malfunction, the steering column adjustment mechanism and power seats to be inoperative, the coolant level warning light to illuminate, and smoke to emanate from the cigarette lighter.

After bringing the issues to defendant's attention, and frustrated with defendant's supposed failure to abide by its warranty obligations, plaintiff filed suit. Among the complaint's six causes of action was one alleging defendant, following unsuccessful attempts to repair the problems, refused to promptly replace the car or pay restitution pursuant to section 1793.2. The relief sought included damages in the amount of approximately $46,800, civil penalties, and attorney's fees and costs.

2

Defendant filed an answer and, thereafter, made the 998 offer, which specified, in relevant part:  "Pursuant to California Civil Code § 1793.2(d)(2)(B), in exchange for the subject vehicle, [defendant] offers to make restitution in an amount equal to the actual price paid or payable by the Plaintiff, including any charges for transportation and manufacturer-installed options, but excluding non-manufacturer items installed by a dealer or the Plaintiff, and including any collateral charges such as sales or use tax, license fees, registration fees, and other official fees, plus any incidental damages to which the buyer is entitled under [Civil Code] Section 1794, including, but not limited to, reasonable repair, towing, and rental costs actually incurred by [plaintiff], less a reasonable mileage offset in accordance with Civil Code Section 1793.2(d)(2)(C), all to be determined by court motion if the parties cannot agree."  Plaintiff accepted the 998 offer, and the court entered judgment accordingly.

The parties were unable to agree on an amount due under the above-listed provision of the 998 offer, so plaintiff filed a motion requesting the court to make the determination.  Plaintiff claimed he was entitled to just under $55,000, including $680 in registration renewal fees he paid in the years 2013 and 2014, and an anticipated 2015 payment for a certificate of nonoperation.  Defendant opposed the motion largely due to the amount plaintiff requested.  It asked the court to award about $45,500.

Because the 998 offer referenced and included the language of section 1793.2(d)(2)(B) set out above, the trial court focused on amounts recoverable as restitution under that statute.  Following a hearing, the court determined plaintiff was entitled to approximately $47,700, and entered an order accordingly.  The amount awarded excluded the $680 associated with the 2013 and 2014 vehicle registration renewal fees and the 2015 certificate of nonoperation fee.  The court explained the "registration fees" mentioned in the statute "do <u>not</u> include all registration fees that a buyer pays over the course of the lease[,]" but instead are limited to fees paid in conjunction with the original purchase or lease transaction.

3

## DISCUSSION

Plaintiff's sole contention on appeal concerns the denied recovery of his $680 vehicle registration renewal and certificate of nonoperation fees. He claims the court erred in interpreting section 1793.2(d)(2)(B). We disagree.

As with any statutory interpretation issue, we begin with the words of the statute to ascertain the intent of the Legislature. (*Cummins, Inc. v. Superior Court* (2005) 36 Cal.4th 478, 487.) "[T]he Act 'regulates warranty terms, imposes service and repair obligations on manufacturers, distributors, and retailers who make express warranties, requires disclosure of specified information in express warranties, and broadens a buyer's remedies to include costs, attorney's fees, and civil penalties. [Citations.] . . . '[T]he Act is manifestly a remedial measure, intended for the protection of the consumer; it should be given a construction calculated to bring its benefits into action.' [Citation.]" (*Joyce v. Ford Motor Co.* (2011) 198 Cal.App.4th 1478, 1486.)

"Section 1793.2 is part of a statutory scheme similar to laws enacted in many other states, commonly called 'lemon laws.' [Citations.]" (*Mitchell v. Blue Bird Body Co.* (2000) 80 Cal.App.4th 32, 35 (*Mitchell*).) It requires a "manufacturer or its representative" who "is unable to service or repair a new motor vehicle . . . to conform to the applicable express warranties after a reasonable number of attempts, . . . [to] either promptly replace the new motor vehicle . . . or promptly make restitution to the buyer in accordance with subparagraph (B) . . . ." (§ 1793.2, subd. (d)(2).) In turn, subparagraph (B) states, "the manufacturer shall make restitution in an amount equal to the *actual price paid or payable by the buyer*, including any charges for transportation and manufacturer-installed options, but excluding nonmanufacturer items installed by a dealer or the buyer, and *including any collateral charges such as* sales tax, license fees, *registration fees*, and other official fees, plus any incidental damages to which the buyer is entitled under Section 1794, including, but not limited to, reasonable repair, towing, and rental car costs actually incurred by the buyer." (§ 1793.2, subd. (d)(2)(B), italics added.)

4

Plaintiff argues the term "registration fees" means all vehicle registration fees whenever paid, including registration renewal fees. We are not persuaded. The wording and structure of the statute dictate otherwise. In defining the amount of restitution, subparagraph (B) specifies it shall be equal to "the actual price paid or payable by the buyer." (§ 1793.2, subd. (d)(2)(B).) All language thereafter simply clarifies the meaning of that phrase by listing items which must be accounted for, and excluded from, the calculation. Among the items to be included are "collateral charges[,]" which is the category within which registration fees fall. The only registration fee that could be considered a "collateral charge" associated with "the actual price paid or payable" is the one which is paid when the vehicle is purchased or leased (or accounted for in financing). (See *Mitchell, supra*, 80 Cal.App.4th at p. 37 ["[T]he Legislature intended to allow a buyer to recover the entire amount actually expended for a new motor vehicle, including paid finance charges, less any of the expenses expressly excluded by the statute"].) Registration fees for future years cannot be considered a "collateral charge" because they are incurred and paid after the initial purchase or lease.

Plus, the statute's use of the word "payable" does not mean the Legislature intended all registration renewal fees to be recoverable as part of restitution. It is simply a recognition that many buyers do not pay the full amount due at the actual time of the original transaction. Instead, and for various reasons, car buyers obtain financing which allows them to make installment payments. (*Mitchell, supra*, 80 Cal.App.4th at p. 38.) If the phrase "or payable" was not included in the statute, those types of buyers would only receive restitution for the amount already paid, leaving them liable for all future financing payments. Such a result would be contrary to the statute's remedial purpose.

Plaintiff next argues the fees at issue should be considered "'incidental damages.'" Not so. The statute provides examples of incidental damages specific to the defective vehicle context, which includes "reasonable repair, towing, and rental car costs actually incurred by the buyer." (§ 1793.2, subd. (d)(2)(B).)

5

Although the list is nonexhaustive, the examples give guidance as to what constitutes an "incidental damage." The common characteristic among them is each would be a cost incurred *as a result of* a vehicle being defective. Such is not the case with vehicle registration renewal fees, which are more accurately characterized as a standard cost of owning any vehicle. Were we to adopt plaintiff's interpretation, it would open up a "Pandora's box" of potential costs for which a defendant would need to pay restitution in these types of cases (e.g., costs for gas, car washes, oil changes). Plaintiff provides no authority for such an expansive interpretation.

In sum, the trial court properly concluded the restitution payable under section 1793.2 does not include vehicle registration *renewal* fees, as opposed to vehicle registration fees associated with the purchase of a vehicle.

### DISPOSITION

The order is affirmed. Respondent is entitled to its costs on appeal.


THOMPSON, J.

WE CONCUR:


FYBEL, ACTING P. J.


IKOLA, J

6

Filed 12/13/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ALLEN KIRZHNER,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>MERCEDES-BENZ USA, LLC,<br><br>    Defendant and Respondent. | G052551<br><br>(Super. Ct. No. 30-2014-00744604)<br><br>ORDER CERTIFYING OPINION<br>FOR PUBLICATION |

Association of Southern California Defense Counsel, Bowman and Brooke, and Civil Justice Association of California requested that our opinion, filed on November 27, 2017, be certified for publication. It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c).

The request for publication is GRANTED. The opinion is ordered published in the Official Reports.

THOMPSON, J.

WE CONCUR:


FYBEL, ACTING P. J.


IKOLA, J.